FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 AUG 19 PM 3: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

CLIFFORD D. FRIESE,                )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )   CV 97-PT-0294-E
                                   )
KATHLEEN HAWK, DIRECTOR, FEDERAL   )
BUREAU OF PRISONS,                 )   ENTERED
                                   )
        Defendant.                 )   AUG 19 1997

**Memorandum Opinion**

This cause comes on to be heard on a motion to dismiss filed by the defendant on July 14, 1997. In her motion, the defendant argues that the plaintiff failed to file his Age Discrimination in Employment Act claim with this court within 120 days after filing his "Notice of Intent to Sue" with the Equal Employment Opportunity Commission.[1] Because his complaint was untimely filed, the defendant argues, the plaintiff's action must be dismissed. The plaintiff replies (1) that the limitations period for filing an ADEA claim is unclear; (2) that even if he did file outside of the 120-day period, because his claim is one of a continuing violation, this court should not dismiss it; (3) that his failure to file his complaint within the 120-day period should not prohibit his filing under the "excusable

---

[1] The plaintiff delivered his "Notice of Intent to Sue" to the EEOC on October 7, 1996, but did not file his complaint until February 5, 1997, 121 days after the delivery of the "Notice of Intent to Sue."

11

neglect" standard; and (4) that if his complaint was untimely filed, he should be allowed to voluntarily dismiss his action without prejudice.

The plaintiff in this case is a federal employee. In an ADEA case against a federal agency, the plaintiff has the option of either pursuing an administrative remedy within his agency or directly filing a complaint after delivering a "Notice of Intent to Sue" to the EEOC. In the instant action, the plaintiff chose the later route.

In Edwards v. Shalala, 64 F.3d 601, 606 (11th Cir. 1995), the Eleventh Circuit Court of Appeals stated:

> This court agrees with the majority of other circuits which have addressed this issue and found that Title VII is most analogous to the ADEA, and therefore provides the most appropriate statute from which to borrow an applicable statute of limitations for ADEA actions brought by federal employees directly into federal court. See e.g., Jones v. Runyon, 32 F.3d 1454, 1455 (10th Cir. 1994); Long v. Frank, 22 F.3d 54, 57 (2d Cir. 1994); Lavery v. Marsh, 918 F.2d 1022, 1025 (1st Cir. 1990); Elder v. Cisneros, No. 94 C 0597, 1995 WL 107108 at *2 (N.D. Ill. March 8, 1995); Rawlett v. Runyun, 849 F. Supp. 449 (E.D. Va. 1994). Title VII is a natural source for borrowing a statute of limitations for age discrimination cases because "the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace...." Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 [] (1979). The first two sections of § 633a were "patterned after" similar sections in Title VII, which extended the protection of Title VII to federal employees. Lehman, 453 U.S. at 163-64 []. Moreover, it is significant that the EEOC's current regulations enforcing provisions of the ADEA apply the same statute of limitations period to federal claims under Title VII. See 29 C.F.R. § 1614.408. It is persuasive that the administrative regulations support the borrowing of Title VII's limitations period. "An agency's interpretation of an ambiguous provision within a statute it is authorized to implement is entitled to judicial deference." Jones, 32 F.3d at 1457-58; see also Pauley v. BethEnergy Mines, Inc., 501 U.S. 680, 696-98 [] (1991); Chevron USA, Inc v. Natural Resources Defense Council, 467 U.S. 837, 866 [] (1984). Therefore, this court holds that the analogous limitations period from Title VII, 42 U.S.C. § 2000e-16(c), is the appropriate period to apply to ADEA claims brought by federal employees directly into federal court.

The appropriate statute of limitations begins to run thirty (30) days after "Notice of Intent to Sue" is given to the EEOC. 29 U.S.C. § 633a(d). After the plaintiff provides the EEOC with the "Notice to Sue," the plaintiff has ninety (90) days, the limitations period stated in 42 U.S.C. § 2000e-16(c), in which to bring an action. The plaintiff failed to bring an action within the requisite time period.

The plaintiff contends that, although he did not bring his action within the requisite

time period, he should nonetheless be excused from that failure because the violation that occurred is continuing and it would therefore be a waste of resources to dismiss the suit, requiring him to re-file based on the later violations.

> A continuing violation of Title VII does not excuse an aggrieved employee from complying with the applicable statutes of limitations. Rather, it simply allows an employee to include in his initial complaint with the EEOC or the employing agency allegedly discriminatory acts that occurred before the limitations period, provided that at least one of the acts complained of falls within the limitations period. See, e.g., Allen v. Amalgamated Transit Union Local 788, 554 F.2d 876, 880 (8th Cir.), cert. denied, 434 U.S. 891 [] (1977). <u>A claim of continuing discrimination does not in any way affect the complainant's obligation to file an action in district court within thirty days of receipt of the agency's final decision disposing of his complaint.</u>

Scott v. St. Paul Postal Serv., 720 F.2d 524, 525 (8th Cir. 1983), cert. denied, 465 U.S. 1083 (1984) (emphasis added). The plaintiff could have preserved actions occurring outside of the 180-day period in which to file a charge, if there was a continuing violation reaching into the 180-day period. However, the timing of the 120-day period is not based upon when the discriminatory action occurred, but upon when the plaintiff gave the EEOC notice of his intent to sue. This is a single event, not a continuing one, and will not excuse a failure to file within the limitations period.

The plaintiff also argues that his failure to file his complaint should be forgiven under an excusable neglect standard. This court is leery of the employment of excusable neglect as a reason for extending the statute of limitations. However, even if the court were to accept such a justification for tardiness, it would not be appropriate in this case. All that the plaintiff does is state that the complaint was filed "just a day late" and states that it would be a shame if the case was dismissed for being just one day behind the mark. One day, one week or one year — the amount of time by which the plaintiff's filing exceeds the limitations period is irrelevant. He had ninety days in which he could easily have filed a complaint and yet he failed to do so.

Finally, the plaintiff argues that if the court finds it proper to dismiss the action, it should permit the plaintiff to voluntarily dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Presumably, the plaintiff seeks voluntary dismissal with the aim that he return to the EEOC, file another notice of intent to sue and

bring the entire action again under a continuing violation theory. A dismissal with prejudice will only address such actions as had accrued as of the date of the filing of the notice of intent to sue. If there is some present, non-barred violation, the plaintiff may be able to separately pursue such a claim. The court expresses no opinion as to which claim or claims may or may not be barred by res judicata, collateral estoppel, the statute of limitations or otherwise. This action will be DISMISSED, with prejudice.

This 18th day of August 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE